## Rogo v. Rogo et al.

*John Memolo*, for plaintiff; *J. J. Walsh*, for defendants.

LEWIS, J., July 18, 1934.—The defendants filed a petition to show cause why the writ of attachment execution should not be dissolved and assigned as their reason: "Fourth: That the said action was brought in the name of the said Robert Rogo as an individual and not in the name of Mary Rogo as administratrix of the estate of the said Robert Rogo, deceased." They further stated

that Mary Rogo was appointed administratrix of the estate of Robert Rogo, deceased.

They also alleged that the præcipe filed for the writ of attachment was not signed by the attorney for the plaintiff or by the plaintiff or by any person acting in his or her behalf. In the argument of the rule, however, counsel for the petitioner apparently abandoned this second reason.

The plaintiff at bar presented his petition for leave to amend the record by suggesting the death of Robert Rogo and the substitution of Mary Rogo as administratrix of his estate as party plaintiff. The question at issue is: Does the court have power to amend the judgment in conformity with the prayer of the petition? Section 2 of the Act of May 4, 1852, P. L. 574, 12 PS §533, provides as follows:

"That all actions pending, or hereafter to be brought in the several courts of this Commonwealth, and in all cases of judgments entered by confession, the said courts shall have power, in any stage of the proceedings, to permit amendments by changing or adding the name or names of any party, plaintiff, or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party."

Under this act, there seems to be no doubt of the court's power to make an order amending this record as prayed for. The statutes on amendments have been liberally construed in Pennsylvania to the extent that amendments have been allowed by the Supreme Court after the case had been removed to that court on appeal. This court has allowed amendments to be filed nunc pro tunc where judgments have been entered without leave of court after a lapse of over 10 years, notwithstanding the rules of court forbidding such entry.

Now, therefore, July 18, 1934, the record in the above case is ordered amended nunc pro tunc by substituting Mary Rogo, administratrix of the estate of Robert Rogo, deceased, as plaintiff. The rule to quash the writ of attachment execution heretofore taken is discharged.